## Spicer v. Reynolds.

(Decided December 14, 1928.)

### Appeal from Perry Circuit Court.

Bills and Notes.—Where holder of note for purchase price of house retained possession of the note, when purchaser surrendered possession of house after maturity of note and agreed that seller, as holder, could keep note, held that, under Ky. Stats., sec. 3720b30, status of holder in due course never changed.

M. K. EBLEN for appellant.

C. A. NOBLE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On December 12, 1925, the appellee, Elihu Reynolds, executed and delivered to S. E. Hartman his promissory note for $423.66, due on January 15, 1926. On December 22, 1925, the appellant, Luke Spicer, sold to S. E. Hartman by written contract a house and lot for $6,500. As part payment Hartman paid to Spicer $200 and indorsed and delivered to him Reynolds' note for $423.66. By the terms of the written contract Spicer was to execute a deed to Hartman when the latter had paid $1,500 of the purchase price. Hartman moved into the house and lived there until some time in June, 1926, when, being

unable to make any further payments on the property, he moved out and agreed that Spicer might retain that portion of the purchase money that had been paid to him, to wit, the $200 in money and the Reynolds note for $423.66.

In the meantime Reynolds had instituted a suit against Hartman, in which he sought to cancel the note in question on the ground of failure of the consideration. It is conceded that Spicer had notice of this suit before the transaction between him and Hartman in June, 1926. Thereafter Spicer brought this action against Reynolds to recover on the note, and the latter in his answer alleged that Spicer was not a holder in due course of the note, and he sought to interpose a defense that would have been available against Hartman.

It is appellee's position that by the transaction between Spicer and Hartman in June, 1926, the original contract between them was canceled, and that the note was again negotiated by Hartman to Spicer under a new contract, and, since this occurred long after the note was due, that Spicer is not a holder in due course, and that the note is now subject to the same defense as between the original parties thereto. The trial court took appellee's view of the case, and at the conclusion of plaintiff's testimony directed the jury to return a verdict for the defendant. Relative to the transaction that occurred in June between Spicer and Hartman, the former, on cross-examination, testified as follows:

"Q. Mr. Spicer, you say after Mr. Hartman lived in that property you and he had an adjustment about the property and rent; just what were your terms? A. I was to keep what he paid for rent and he was to turn back the property.

"Q. What was the value of the rent? A. $100 per month.

"Q. What kind of house was it? A. Fourteen-room house.

"Q. When did you make this agreement, six months after December 22? A. Yes, sir.

"Q. It must have been in June, 1926? A. Yes, sir.

"Q. Under your contract made with him for the taking back of the property by you and the payment of the rent, were you to take this note on the rent? A. Yes; the note and $200 in money.

"Q. You took this note on the rent from about June, 1926? A. I took the note on the property.

"Q. You and Hartman traded back, and he was to pay you for the rent? A. I was to keep what was paid.

"Q. Those notes of $6,000 to go on the rent? A. No, sir.

"Q. Was this note of Mr. Reynolds to go on the property for the six months? A. Yes, sir.

"Q. You got the note from him after you traded back to apply on the rent? A. I got the note when I sold him the property.

"Q. You tell this jury you hold this now as rent money due you from Hartman? A. I hold it as payment on the property.

"Q. Was it a payment on the property or rent? A. I took it as a payment on the property."

Mr. Edward Ashcraft, an attorney who was present on December 22, 1925, when the note was negotiated, and again in June, 1926, when Hartman agreed to surrender possession of the property, testified as follows on cross-examination:

"Q. That note was paid on rent? A. No, it was paid on the property and after they lived there six months she says I am going to move out and let you keep $600.

"Q. At that time the Hartmans agreed to give the property up? A. Yes; they said they could not pay for it.

"Q. They agreed to pay the rental value? A. No; they said, 'You can keep the $600,' the first payment.

"Q. Did that include the note? A. Yes; $623.66, and when they could not make the other payments they just moved out.

"Q. They agreed to pay the rental value? A. No; he said, 'You have just paid me $600;' and she says, 'You can just keep that.'

"Q. That was six months after December, when you was up there? A. Yes; I had a forcible detainer suit on, as she would not pay for the property. They lived in the property for about six months.

"Q. This note and $200 was to be the first payment? A. Yes, sir."

It is conceded that appellant was a holder in due course, until the transaction between him and Hartman in June, 1926, and the only question for determination is: Did he then cease to be a holder of the note, and re-acquire it as part of the consideration under a new contract? The statute says: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery." Section 3720b30, Kentucky Statutes.

When Hartman agreed to surrender possession of the property he had purchased, and to permit Spicer to retain the $200 in money and the Reynolds note, Spicer never surrendered the note, nor any of his rights with respect to it. He did not negotiate the note to Hartman, and Hartman back to him, but he at all times retained control of and the title to the note, just as he retained title to the money. His status as a holder in due course never changed after the note was transferred to him in December, 1925.

Whether the initial payment on the purchase price of the property sold to Hartman by Spicer, and which was retained by the latter, be treated as liquidated damages for the breach of the contract, or as rent for the time during which it was occupied by Hartman, is immaterial. since, as we have seen, Spicer at no time lost title to the note.

The trial court erred in sustaining defendant's motion for a peremptory instruction, and the motion for an appeal is sustained, the appeal granted, and judgment reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.